# Gay v. Metcalf.

## *Receivership.*

(Decided November 7, 1914.. 66 South. 668.)

*Equity; Finding of Register; Conclusiveness.*—Where the finding of the Register was supported by the evidence, or some of the evidence, it will not be disturbed or set aside on appeal unless it is against the great preponderance of the evidence.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Petition by W. W. Metcalf against J. W. Gay as receiver, to declare complainant's deposit a demand deposit and to have him pay the declared dividend on such deposits. From a decree granting relief the receiver appeals. Affirmed.

BOULDIN & WIMBERLY, for appellant.

LAWRENCE E. BROWN, for appellee.

[Gay v. Metcalf.]

DE GRAFFENREID, J.—It is admitted by counsel on both sides that the only question in this case is one of fact. The question is, Was the deposit of W. W. Metcalf in the defunct bank, at the time it became defunct, a noninterest-bearing deposit, or was it an interest-bearing deposit?

The register found that it was a noninterest-bearing deposit. His findings are entitled to the same consideration at our hands as the verdict of a jury. The register had before him the witnesses and heard their testimony and saw them when they testified. His opportunties for weighing their testimony were therefore much greater than ours. In addition to this he had the original books before him—some of which, it was claimed, were falsified—and his opportunities of judging of their correctness were better than ours, for we are confined to the transcript.

Metcalf claimed that his deposit was, on January 1st before the failure of the bank, converted from a time into a demand deposit, and we cannot say that there was not before the register some evidence indicating that this was the understanding of both Metcalf and the cashier of the bank. The register therefore had evidence upon which to base his finding, and we do not feel that the preponderance of the evidence, as we gather it from the record before us, against that finding, is such as to require us to disturb it—*Pollard v. American Mortgage Co.*, 139 Ala. 183, 35 South. 767.

The decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.